# STATE OF TENNESSEE
## IN THE CIRCUIT COURT OF RHEA COUNTY, TENNESSEE

**RAMONA THOMPSON and, CEVEL FLETCHER**
Plaintiff(s)

CIVIL SUMMONS

Vs.

NO. 26766

**NORTH POINTE INSURANCE COMPANY**
Defendant(s)

ACTION: COMPLAINT

To the above named Defendant(s):  NORTH POINTE INSURANCE COMPANY
SERVE AT:  385 Washington Street
St. Paul, Minnesota 55102

### SERVE THROUGH THE COMMISSIONER OF INSURANCE

You are hereby summoned and required to serve upon HOWARD L. UPCHURCH, Plaintiff's attorney, whose address is P.O. BOX 381, PIKEVILLE, TN 37367, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within **THIRTY (30)** days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WITNESS, Regina Metts of said Court, issued this 6th day of May, 2009.

_Regina Metts_, Clerk
BY: _____, Deputy Clerk

Received this _____ day of _____, _____.

_____, Sheriff-DeputySheriff, Process Server

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the _____ day of _____, _____, I served this summons together with a copy of the complaint herein as follows _____

_____, Sheriff-DeputySheriff, Process Server

**NOTICE**
To the Respondent(s):
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these items of necessary wearing apparel (clothing) for yourself an your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

**EXHIBIT A**

IN THE TWELFTH JUDICIAL DISTRICT OF TENNESSEE
CIRCUIT COURT OF RHEA COUNTY

FILED
MAY - 6 2009
REGINA METTS
Circuit Court Clerk

| | |
|---|---|
| RAMONA THOMPSON and CEVEL FLETCHER, | ) ) ) |
| Plaintiffs, | ) ) No. 26766 |
| v. | ) ) JURY DEMAND |
| NORTH POINTE INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Come now the Plaintiffs, Ramona Thompson and Cevel Fletcher, by and through counsel, and would most respectfully show unto this Honorable Court as follows:

I.

That the Plaintiffs, Ramona Thompson and Cevel Fletcher, are adult citizens and residents of Rhea County, Tennessee.

II.

That the Defendant, North Pointe Insurance Company, is and was at all times material hereto a foreign insurance corporation, licensed and authorized to do business in the State of Tennessee, including in Rhea County, Tennessee. Service of process can be obtained upon this Defendant through the Commissioner of Insurance for the State of Tennessee.

III.

That prior to July 11, 2008, the Defendant, for and in consideration of premiums paid and agreed to be paid by the Plaintiffs, issued to the Plaintiffs a comprehensive homeowners policy of insurance identified as policy number NPHM303596, covering losses due to damage by fire to the Plaintiffs' residential dwelling located at 111 Randi Circle, Dayton, Rhea County, Tennessee. This residence was fully furnished and contained a number of appliances, tools and valuable personal properties as of July 11, 2008. The policy issued by the Defendant was for the period beginning August 21, 2007 through and including August 21, 2008, and was in full force and effect as of July 11, 2008. The policy provided seventy five thousand ($75,000.00) dollars coverage for the dwelling, thirty seven thousand five hundred ($37,500.00) dollars for the contents and personal properties, and coverage for debris removal and additional living expenses, in the event of a fire or destruction of the residence.

IV.

That while the policy was in full force and effect on July 11, 2008, the Plaintiffs' dwelling along with the contents and personal properties located therein were destroyed by one or more fires of unknown origin. Plaintiffs gave immediate notice of this loss to the Defendant and/or its agent, within the time required by

2

the policy. Thereafter, Plaintiffs prepared an inventory of damages and a sworn statement in proof of loss and submitted the same to the Defendant. Plaintiffs were then required to undergo sworn examinations, and produced all documents requested by the Defendant during these examinations or in conjunction with the Defendant's investigation of this loss, including financial records. Plaintiffs have fully complied with all terms and provisions of the policy and all requests of the Defendant.

V.

That despite compliance with the terms and provisions of the policy and all requests made by or on behalf of the Defendant, the Defendant has failed and refused to pay the losses suffered by the Plaintiffs. The policy of insurance was in full force and effect and was obligatory at the time of the loss and destruction. Plaintiffs aver that the Defendant has breached the contract of insurance with the Plaintiffs and are obligated to pay all amounts set forth by the policy of insurance. Plaintiffs further aver that the refusal of the Defendant to pay the loss constitutes bad faith on the part of the Defendant, thus entitling the Plaintiffs to judgment for the twenty five (25%) percent bad faith penalty provided for pursuant to T.C.A. § 56-7-105, in addition to the amounts set forth in the policy.

PREMISES CONSIDERED, PLAINTIFFS PRAY:

1. That proper process issue and be served upon the Defendant through the Commissioner of Insurance for the State of Tennessee, requiring the Defendant to appear and answer hereto, but not under oath, its oath being hereby expressly waived.

2. That upon a hearing of this cause, the Plaintiffs have judgment against the Defendant for the full amounts and value of the coverage set forth in the subject policy of insurance, plus statutory pre-judgment interest.

3. That upon a hearing of this cause, the Plaintiffs have judgment against the Defendant for additional living expenses incurred by the Plaintiff following the fire and destruction of this residence, and for debris removal expenses, all as provided by the policy of insurance, plus statutory pre-judgment interest.

4. That upon a hearing of this cause, the Plaintiffs have judgment against the Defendant in the additional amount of thirty thousand ($30,000.00) dollars, representing the twenty five (25%) percent bad faith penalty provided for pursuant to T.C.A. § 56-7-105.

4

5. That upon a hearing of this cause, the Defendant be required to pay all costs and expenses incurred by the Plaintiffs in conjunction with the filing and prosecution of this action, including reasonable attorney's fees.

6. That a jury of twelve persons be impaneled to try all issues when joined.

7. For general relief.

                                            HOWARD L. UPCHURCH
                                            Attorney for Ramona Thompson and
                                            Cevel Fletcher
                                            P.O. Box 381
                                            Pikeville, Tennessee 37367
                                            Telephone: (423) 447-2903
                                            BPR # 10145

## COST BOND

I am surety for the non-discretionary costs of this cause.

_____
HOWARD L. UPCHURCH
Attorney for Ramona Thompson and
 Cevel Fletcher
P.O. Box 381
Pikeville, Tennessee 37367
Telephone: (423) 447-2903
BPR # 10145

6

## IN THE TWELFTH JUDICIAL DISTRICT OF TENNESSEE
## CIRCUIT COURT OF RHEA COUNTY

FILED

MAY - 6 2009

REGINA METTS
Circuit Court Clerk

RAMONA THOMPSON and )
CEVEL FLETCHER, )
 )
Plaintiffs, ) No. 20766
 )
v. ) JURY DEMAND
 )
NORTH POINTE INSURANCE COMPANY, )
 )
Defendant. )

### AFFIDAVIT OF SERVICE

Comes now the Affiant, Howard L. Upchurch, and after first being duly sworn, deposes and says that the address for service of process upon the Defendant, North Pointe Insurance Company, is as follows:

> North Pointe Insurance Company
> 385 Washington Street
> St. Paul, Minnesota 55102

_____
AFFIANT

Sworn to and subscribed before me
this 6 day of May, 2009

_____
NOTARY PUBLIC

My commission expires: 7-24-11

[Notary Seal: MELISSA DIANE WYATT, STATE OF TENNESSEE, NOTARY PUBLIC, BLEDSOE COUNTY]



**STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

May 14, 2009

North Pointe Insurance Company  
P O Box 2223  
Southfield, MI 48037  
NAIC # 27740

CERTIFIED MAIL  
RETURN RECEIPT REQUESTED  
7008 3230 0002 4320 8912  
Cashier # 3074

Re: Ramona Thompson & Cevel Fletcher  V.  North Pointe Insurance Company

   Docket # 26766

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on May 11, 2009 by Ramona Thompson & Cevel Fletcher pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Rhea County, TN.

Brenda C. Meade  
Designated Agent  
Service of Process

Enclosures

cc: Circuit Court Clerk  
   Rhea County  
   1475 Market Street, Rm 104  
   Dayton, Tn 37321

MAY 2 2 2009

Service of Process 615.532.5260